IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00779-RPM

TRENSON L. BYRD,

        Plaintiff,

v.

UNITED STATES OF AMERICA and
SUZANNE STEIGERWALD,

        Defendants.
_____

MEMORANDUM OPINION AND ORDER
_____

        Suzanne Steigerwald as a Special Agent for the Office of Inspector General of the United States Department of Housing and Urban Development (HUD) was the lead investigator in an investigation into FHA insured residential loans on suspicion that loan applications contained false information concerning employment and income. That investigation began in September, 2001. Assistant United States Attorney David R. Steinman worked with Agent Steigerwald during the investigation. Based on Agent Steigerwald's testimony, a grand jury indictment was returned on February 24, 2004, charging 28 defendants in Criminal Case No. 04-cr-00070-M with offenses involving the submission of false information, use of false Social Security numbers and related crimes. The investigation included loans made through Mid-America Mortgage, a company owned by Trenson L. Byrd, an African-American. Mr. Byrd was not named as a defendant. On November 15, 2004, two indictments were returned, one naming six defendants and the other 15 defendants. Mr. Byrd was not included in either indictment. On February 17, 2005, a superseding indictment was returned including Mr.

Byrd and 32 defendants.  A second superseding indictment was returned, including Mr. Byrd and 33 defendants on April 20, 2005.  The indictment and superseding indictment naming Mr. Byrd was designated *United States v. Carnagie*, Criminal Case No. 04-cr-00463-MK.  Mr. Byrd was charged in Count 1 with conspiracy to commit an offense or defraud the United States in violation of 18 U.S.C. § 371 and in Count 41 with conspiracy to commit wire fraud in violation of 18 U.S.C. § § 1956(h) and 1956(a)(1)(A)(I).  The trial judge ordered a separate trial of Linda Carnagie, Sandra Lindsey, Trenson L. Byrd, and Stafford A. Hilaire.  After 27 trial days, the jury returned guilty verdicts as to the defendants other than Trenson L. Byrd, who was found not guilty on the two charges against him.  Assistant United States Attorney Patricia Davies assumed responsibility for the prosecution of *U.S. v. Carnagie* in August, 2005, following the departure of David Steinman.  She was joined by Assistant United States Attorney Linda McMahan.  Thus, the charging decision was made by David Steinman, but attorneys Patricia Davies and Linda McMahan conducted the prosecution through trial.

Trenson Byrd brought this civil action, claiming in his first amended complaint that he should recover damages under the Federal Tort Claims Act, based on the common law tort of malicious prosecution under Colorado law and claiming against Suzanne Steigerwald, individually, under *Bivens*, for violation of the due process clause of the Fifth Amendment of the United States Constitution and denial of equal protection of the law in contravention of that Amendment.  Core facts supporting these claims is that Trenson Bryd is an African-American and the only owner of a mortgage company charged as a result of the investigation.  An investigation and prosecution motivated by

racial animus and selective prosecution based on race would support these claims for relief.

The plaintiff contends that there was no probable cause for the charges made against him in the indictment and superseding indictment.  He seeks to rebut the presumption of probable cause attributed to a grand jury indictment by asserting that Agent Steigerwald failed to conduct an adequate investigation of him, failed to provide the grand jury with exculpatory information and incorrectly reported statements made to her by the sources of information she relied on, including defendants who pleaded guilty under proffers of information.

The multiple charges made through the grand jury were based on Agent Steigerwald's summaries of her investigation given in her testimony presented on February 24, 2004, February 17, 2005, March 23, 2005, March 24, 2005, and April 20, 2005.

The defendants have moved for summary judgment of dismissal and provided supporting documents, including excerpts of Ms. Steigerwald's grand jury testimony, declarations from David Steinman, Patricia Davies and Linda McMahan, memoranda of interviews conducted by Agent Steigerwald and excerpts from the trial record.

The plaintiff has responded to the motion for summary judgment and also moved for a continuance under Fed.R.Civ.P. 56(f), asserting the need for discovery of the investigative files and for depositions of the declarants.  Mr. Byrd has also provided two affidavits which the defendants have challenged by motions to strike those portions asserted to be hearsay and conclusory statements.  The Court has considered the relevant portions of those affidavits which are evidentiary.

Prosecutors exercising their professional judgment in deciding to proceed with criminal charges are protected by absolute immunity. Ordinarily the roles of prosecutor and investigator are separate and distinct. There are circumstances in which those distinctive roles become blurred as where the prosecutor acts as an investigator and where the criminal investigator unduly influences the prosecutor's decision by providing inaccurate or misleading information. Under those circumstances, there can be a constitutional tort for which a damages remedy is available under 42 U.S.C. § 1983. *Pierce v. Gilchrist,* 359 F.3d 1279 (10th Cir. 2004). The constitutional tort is analogous to malicious prosecution. In this case, the defendant's motion to dismiss the original complaint was denied based on the allegations that Agent Steigerwald conducted a biased and inadequate investigation and caused the plaintiff to be arrested and criminally prosecuted with no credible evidence to support the charges. In that ruling, the Court was required to accept all of the allegations as true. To clarify the plaintiff's contentions, the Court ordered the filing of a first amended complaint, which the plaintiff did on October 10, 2008.

Agent Steigerwald claims qualified immunity from liability, asserting that the plaintiff has no factual support for his claim of a constitutional tort and has failed to demonstrate that there is sufficient evidence to warrant a jury finding that there was racial disparity in comparing him with white owners of mortgage companies where FHA loans were also processed based on false and fraudulent information in the applications accepted or that racial animus motivated the decision to charge and proceed to trial.

The declarations of David Steinman, Patricia Davies and Linda McMahan defeat the plaintiff's contention that there was no probable cause for these two charges against

him.  In *Hartman v. Moore*, 547 U.S. 250 (2006) the Supreme Court required that a lack of probable cause must be alleged and proven to support a claim against criminal investigators for inducing prosecution in retaliation for speech.  The same analysis is applicable in this case.

      Mr. Byrd has attempted to meet that requirement by challenging the testimony of Agent Steigerwald before the grand jury in her appearances and asserting that her reports of interviews were contradictory of other statements made by the persons interviewed.

      If the plaintiff's requested discovery were to show some support for these challenges and if it is assumed that David Steinman was unduly influenced by the agent in proceeding to construct and present the charges to the grand jury, there is no indication that there is any evidence to contradict the statements of attorneys Davies and McMahan that they carefully reviewed all of the investigative information available before determining to proceed with the trial of the charges against Mr. Byrd.

      What is shown by the record presented in the papers filed is that this criminal investigation began with a suspicion that the loans obtained by one originator included false information and then spread to encompass a fairly large number of participants.  The scope of the investigation increased largely as a result of convictions and plea agreements arising from the first filed criminal case.

      The jury verdict of acquittal of Mr. Byrd is reasonably interpreted to mean that the jurors did not reach a unanimous verdict that he knowingly and wilfully participated in conspiring with the other defendants to falsify the information required in the loan

applications. The determination of reasonable doubt is not the equivalent of a finding of no probable cause for the charges.

The plaintiff makes much of the comparison of his Mid-America Mortgage business with that of Highland Mortgage, a company owned by Dawn Owens, a white woman. Some of the loans that were the subject of these prosecutions went through her company and she admitted knowledge that some of them were based on false applications. That admission was made in an interview with AUSA Davies and Agent Raney in August, 2006. The subject loans were more than five years before that interview, making the possibility of charges against her barred by the statute of limitation of five years.

The plaintiff also recites a history of difficulties with the HUD office in obtaining certification as an approved HUD lender and cites a suspension for a violation of regulations as some evidence of disparate treatment based on race. The only connections between those assertions and this criminal prosecution are that Mr. Byrd's contacts were with Mr. Friedland in the HUD office, who first referred suspicions to the OIG resulting in Ms. Steigerwald's assignment and Mr. Steinman's understanding that the suspension was for fraudulent conduct. There is no support for an inference that Mr. Friedland caused this prosecution and the stipulation at trial with defendant's counsel was that the suspension was for inaccurate information. The mischaracterization of inaccurate information as fraud is not a basis for a belief that Mr. Steinman's analysis was based on a pattern of fraudulent conduct.

The record submitted supports the basis for qualified immunity of the defendant Steigerwald that the plaintiff is unable to demonstrate a violation of the Fifth Amendment of the United States Constitution.

     The plaintiff has claimed that the government is liable under the Federal Tort Claims Act for malicious prosecution. That claim must also be supported by evidence rebutting the existence of probable cause for the filing of charges and proceeding to trial. That essential element of tort liability is missing for the same reasons as the lack of evidence in the *Bivens* claim made against Ms. Steigerwald. Accordingly, the claim must be dismissed.

     Upon the foregoing, it is

     ORDERED that the defendants' motions for summary judgment are granted and the Clerk will enter judgment dismissing the plaintiff's claims and awarding costs to defendants.

     DATED:   June 15th, 2009

                            BY THE COURT:

                            s/Richard P. Matsch

                            _____
                            Richard P. Matsch, Senior Judge